**JIZ HE ZHAO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 08–0898–ag.

United States Court of Appeals, Second Circuit.

July 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as the respondent in this case.

Jie Han, New York, N.Y., for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Linda S. Wernery, Assistant Director, Theodore C. Hurt, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, PIERRE N. LEVAL and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Jiz He Zhao, a native and citizen of the People's Republic of China, seeks review of a January 24, 2008 order of the BIA, affirming the April 20, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiz He Zhao*, No. A98 594 357 (B.I.A. Jan. 24, 2008), *aff'g* A98 594 357 (Immig. Ct. N.Y. City Apr. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings including adverse credibility findings under the substantial evidence standard. *Co-*

*rovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

We find that substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ reasonably relied on the inconsistency between Zhao's asylum application, which specifically referred to his pastor in China as an "evangelist," and Zhao's testimony that he did not know what an evangelist was or which denomination his pastor was. Contrary to Zhao's argument, this finding did not improperly rely on Zhao's lack of doctrinal knowledge. *See Rizal v. Gonzales*, 442 F.3d 84, 90–94 (2d Cir.2006). Rather, this finding relied on the fact that Zhao could not account for the contents of his asylum application.

Further, having called Zhao's testimony into question, it was not error for the IJ to rely on Zhao's failure to provide any corroboration of his baptism in China or his practice of Christianity in this country. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). While Zhao assets that such evidence was not reasonably available, that argument is unavailing as the IJ need not have determined whether the evidence was reasonably available before concluding that its absence rendered Zhao unable to rehabilitate his testimony. *See id.*

The IJ's decision was not error-free. The IJ mistakenly found that Zhao did not submit documentary evidence of his church participation in the United States when a letter attesting to Zhao's church membership was provided. The IJ was also mistaken in the statement that no background materials supported Zhao's claim of persecution when the United

**46**

States Department of State's 2005 Country Report on China, which was in the record, describes government "crackdowns" on "house churches" in the province where Zhao resided.

However, the IJ's adverse credibility finding had adequate support in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). As a result, we are confident that the agency would reach the same result even absent these errors and a remand would be futile in this case. *See Lin Zhong v. United States DOJ,* 480 F.3d 104, 117 (2d Cir.2007). Therefore, the IJ properly denied Zhao's application for asylum and withholding of removal, and we need not reach the IJ's alternative burden of proof findings. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, Zhao did not challenge the agency's denial of relief under the CAT in his opening brief, and it is therefore deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. The motion for a stay of removal in this petition is DISMISSED as moot.